IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATIONAL PUBLIC AUCTION COMPANY, ) <br> LLC, TROTTER AUCTION SALES, ) <br> TROTTER AUCTION CO., THE AUCTION ) <br> CONNECTION, LLC, VINCE TROTTER ) <br> and RYAN TROTTER ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDERSON MOTOR SPORTS, LLC, ) <br> SHANNA KING, JUSTIN ANDERSON, ) <br> SUSAN ANDERSON AND KEITH ) <br> ANDERSON ) <br> ) <br> Defendants. ) <br> ) | No. 3:10-00509 <br> JUDGE HAYNES |

## M E M O R A N D U M

Plaintiffs, National Public Auction Company, LLC, Trotter Auction Sales, Trotter Auction Co., The Auction Connection, LLC, Vince Trotter and Ryan Trotter, filed this action under 28 U.S.C. § 1332, the diversity statute, against the Defendants: Anderson Motor Sports, LLC., a limited liability in South Carolina, Shanna King, Justin Anderson, Susan Anderson and Keith Anderson, all South Carolina citizens. Plaintiffs assert claims for libel, tortious interference with contract/business relations, invasion of privacy false light, intentional infliction of emotional distress and joint venture. (Docket Entry No. 1, Verified Complaint). Plaintiff later voluntarily dismissed Defendants Susan and Keith Anderson. (Docket Entry No. 32)

Before the Court is the Defendants' motion to dismiss (Docket Entry No. 11) for lack of personal jurisdiction under Fed. R. Civ. Pro. 12(b)(2), contending, in essence, that the Court lacks personal jurisdiction because the Defendants are not Tennessee residents, do not have a

general presence in Tennessee and the parties' original contract cannot justify personal jurisdiction. The remaining individual Defendants also assert that as corporate officers, the fiduciary-shield doctrine precludes personal jurisdiction over them.

In their response, Plaintiffs argue, in sum, that Tennessee's long-arm statute and constitutional principles of due process as well as Defendants' acts directed at Tennessee warrant the Court's exercise of specific jurisdiction here and that the Defendants lack standing to assert an affirmative defense of fiduciary shield in their 12(b)(2) motion to dismiss. (Docket Entry No. 15)

For the reasons set forth below, the Court concludes that personal jurisdiction over the Defendants exists given the provisions of the parties' contract selecting Tennessee as a forum for their legal disputes under that contract and the Defendants' intentional acts designed to impact Plaintiffs in Tennessee.

## A. ANALYSIS OF THE PLEADINGS

According to the verified complaint, the parties signed a contract for the Plaintiffs to sell some of the Defendants' inventory, 14 ATVs at an auction conducted by the Plaintiff National Public Auction Company (NPA). (Docket Entry No. 1, Verified Complaint, at ¶ 43). Plaintiffs' claim is that this was an "absolute" auction, but Defendants view the agreement as for an auction with a reserve price. Id. at ¶¶ 41, 42, 47, 48. On or about October 3, NPA auctioned off Anderson Motor Sport's ATVs and sent Defendant Anderson Motor Sports a check for $37,465. Id. at ¶ 46. Defendant Anderson Motor Sports deposited the check, but contacted NPA to assert that a reserve auction should have been conducted rather than an absolute auction. Id. at ¶ 47. The parties could not resolve their disagreement about the nature of the auction under their agreement.

Thereafter, Plaintiffs allege that numerous postings attributable to the Defendants have been posted on various websites and blogs defaming the Plaintiffs. Id. at ¶¶ 49, 50. Plaintiffs' allegations are that the Defendants, individually and as part of a conspiracy, posted false and damaging statements about Plaintiffs' and their businesses on websites such as Topix.com, SickofBeingScrewed.com, Complaints.com, RipoffReports.com, BusinessReports.com, BustaThief.com, and ScamClub.com. Id. On Topix.com, Defendants' posts of remarks were in a forum expressly designated for Murfreesboro residents or those firms or persons interested in local Murfreesboro information. Id.

Defendants allegedly posted these remarks under various aliases, such as "Shanna (Greenville, SC)," "Shanna (Pelzer, SC)", "Shanna (Taylors, SC)," "Scammed (Freer, SC)," "Scammed (Williamston, SC)," "Scammed (Fountain Inn, SC)", "SKinSC," "Screwed", "Calling BS", "Scammed (South Carolina)", "shannajking AT yahoo.com", and shannajking@yahoo.com. Id. Plaintiffs also allege that the Defendants filed two complaints with the Tennessee Auctioneer Committee and pursued a complaint with the Tennessee Better Business Bureau. Id. at ¶ 57.

## B. CONCLUSIONS OF LAW

Upon a motion to dismiss for lack of personal jurisdiction, a district court may rely on the submission of affidavits or conduct an evidentiary hearing under Rule 12(d) of the Federal Rules of Civil Procedure. Welsh v. Gibbs, 631 F.2d 436, 438 (6th Cir. 1980) (cert. denied 450 U.S. 981 (1981)). If an evidentiary hearing is not held, then the Court must view the pleadings and affidavits in the light most favorable to the plaintiff. Id. at 439. Plaintiffs need "only to make a prima facie case of jurisdiction, that is, [it] need only 'demonstrate facts which support a finding

of jurisdiction in order to avoid a motion to dismiss.'" Id. at 438 (citations omitted). See also Third Nat'l Bank v. WEDGE Group Inc., 882 F.2d 1087, 1089 (6th Cir. 1989).

The Defendants contend that the Plaintiffs cannot rely on their pleadings to defeat a claim of lack of jurisdiction. (Docket Entry No. 15-1, Memorandum of Law in Support of Defendants' Response to Plaintiffs' Motion to Dismiss, at 2). See Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991) ("...in the face of a properly supported motion for dismissal [for lack of personal jurisdiction], the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.") (citation omitted). Here, the complaint is verified and therefore has the same force and effect as an affidavit. Daniel v. Cox, No. 96-5283, 1997 WL 234615, at *2 (6th Cir. 1997).

In diversity actions, the Sixth Circuit "has articulated a two-step inquiry to determine whether a federal district court sitting in a diversity-of-citizenship case can exercise personal jurisdiction over a defendant: (1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." Brunner v. Hampson, 441 F.3d 457, 463 (6th Cir. 2006) (citation omitted). See also Pickens v. Hess, 573 F.2d 380, 385 (6th Cir. 1978).

Tennessee's long-arm statute subjects nonresident parties to the jurisdiction of state and federal courts in Tennessee on any claim arising from:

> (1) The transaction of any business within the state;
>
> (2) Any tortious act or omission within this state;
>
> (3) The ownership or possession of any interest in property located within this state;
>
> (4) Entering into any contract of insurance, indemnity or guaranty covering any person, property or risk located within this state at the time of contracting;

(5) Entering into a contract for services to be rendered or for materials to be furnished in this state;

(6) Any basis not inconsistent with the constitution of this state or of the United States;

* * *

(b) "Person," as used herein, includes corporations and all other entities which would be subject to service of process if present in this state.

Tenn. Code Ann. §§ 20-2-214(a) and (b).

The Tennessee long-arm statute is construed to grant jurisdiction only to the limits of Due Process Clause of the Fourteenth Amendment. Pickens, 573 F.2d at 385. "The seminal case in the Sixth Circuit for determining whether the exercise of personal jurisdiction is consistent with due process is Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (6th Cir. 1968)." Inter-City Products Co. v. John Willey Sr., et. al., 149 F.R.D. 563, 571 (M.D. Tenn. 1993).

In their response, the Defendants argue that the Plaintiffs are required to prove their allegations through actual proof or affidavits; that the contract between Anderson Motor Sports and NPA only implicates Anderson Motor Sports and no other parties; and the cause of action is a tort action and the long-arm statute does not reach far enough to exercise personal jurisdiction under the test articulated in Masada Inv. Corp. v. Allen, 697 S.W.2d 332, 334 (Tenn. 1985). (Docket Entry No. 11).

As to Defendants' reliance on Masada that Tennessee's long-arm statue does not extend to justify personal jurisdiction over them, this Court has declined to follow Masada:

> "Masada Investment Co. v. Allen, 697 S.W.2d 332, 334-35 (Tenn. 1985), suggested that the three-part test of Southern Machine was "now too restrictive," and that a five-part test was more appropriate for analyzing the maximum limit to which personal jurisdiction can be asserted under Tennessee's long-arm-statute. Any limitation of the Southern Machine test suggested by Masada, however, has not been adopted by this District."

Inter-City Products Co., 149 F.R.D at 571, fn. 9.

Given that the scope of Tennessee's long-arm statute is based on federal constitutional law, the Court analyzes whether the exercise of personal jurisdiction here is appropriate under the three Southern Machine factors:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

401 F.2d at 381.

As to whether the Defendants "purposefully availed [themselves] of the privilege" of acting in Tennessee, this requirement focuses on whether the Defendants' intentional contacts in the Tennessee are such that "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). See Burger King Corp v. Rudzewicz, 471 U.S. 462, 475 (1985) ("This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated contacts,' or [because] of the "unilateral activity of another party or a third person.") (citations omitted).

Defendant Anderson Motor Sports signed a contract with Plaintiff NPA, a Tennessee business, shipped goods into Tennessee for an auction sale in Tennessee, and sought administrative redress for their alleged injury from the Tennessee Auctioneer Commission and Tennessee Better Business Bureau. The parties' contract designated Tennessee courts as possessing exclusive jurisdiction over any legal actions arising out of the contract and designated Rutherford County as the agreed venue for such dispute. (Docket Entry No.1-1, Executed Agreement, at 2). The Court concludes that the Defendants could reasonably anticipate their disputes resulting in legal action in Tennessee.

As to whether the Defendants' alleged Internet postings establish specific jurisdiction here, the Fourth Circuit held that "a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." ALS Scan Inc. v. Digital Service Consultants, Inc., 293 F.3d 707, 714 (4th Cir. 2002).

The Supreme Court's effects test is used to decide if a court can exercise personal jurisdiction over a nonresident defendant due to an intentional tort committed outside the forum. IMO Indust. Inc. v. Kiekert AG, 155 F.3d 254, 261 (3rd Cir. 1998) (citing Calder v. Jones, 465 U.S. 783, 788-90 (1984)).

Under the Supreme Court's effects, the expense of specific jurisdiction is justified where:

> The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

Barrett v. Catacombs Press, 44 F. Supp. 2d 717, 730 (E.D. Pa. 1999) (citing IMO Indus., Inc. v. Kiekert AG, 155 F.3d at 265-66); see Hanby v. Lubet, No. 1:06-CV-114, 2007 WL 1004169 at *7-8 (E.D. Tenn. 2007) (applying Barrett to Internet-based libel case in Tennessee).

In the Third Circuit, "when an entity intentionally reaches beyond its boundaries to conduct business with foreign residents, the exercise of specific jurisdiction is proper. Different results should not be reached simply because business is conducted over the Internet." Zippo Mfg. Co. v. Zippo Dot Com, Inc. 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (citations omitted).

7

Here, the Defendants' alleged libelous statements knowingly targeted a Tennessee businesses and that citizens conducts auctions in Tennessee. Additionally, Defendants' posted on a forum that specifically focused on news and events in Murfreesboro, Tennessee. (Docket Entry No. 1-3, Sampling of Defendants' Posting). These facts justify a finding of specific jurisdiction over the Defendants.

As to whether Plaintiffs' claims arise from the Defendants' activities in the forum, the Sixth Circuit rule is that "when a foreign defendant purposefully directs communications into the forum that cause injury within the forum, and those communications form the "heart" of the cause of action, personal jurisdiction may be present over that defendant without defendant's presence in the state." Neal v. Janssen, 270 F.3d 328, 333 (6th Cir. 2001). Based upon the facts of purposeful availment, the Court concludes that this Southern Machine factor is met.

In sum, as to a Tennessee court's exercise of jurisdiction, given that Plaintiffs include a Tennessee business, the Defendants' communications targeted at Tennessee residents or potential customers of a Tennessee corporation and the Defendants' pursuit of Tennessee administrative remedies, the Court concludes exercise of personal jurisdiction over the Defendants is reasonable.

Finally, as to the Defendants' argument that the fiduciary-shield doctrine precludes the individual Defendants' liability for tortious acts committed in a corporate capacity:

> Some courts in the Sixth Circuit have followed the Marine Midland Bank formulation, holding that the mere fact that an out-of-state defendant performed the alleged tortious or violative conduct while acting as a corporate agent precludes the exercise of personal jurisdiction over that person. But other courts have found that the exercise of jurisdiction over the agent depends on the extent of that agent's personal involvement in the conduct. These courts exercised personal jurisdiction over corporate officers where the officers were active participants in the tortious conduct. There is support for this approach in Sixth Circuit case law.

> While it is true that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation," we hold that the mere fact that the actions connecting defendants to the state were undertaken in an official rather than personal capacity does not preclude the exercise of personal jurisdiction over those defendants. Hence, where an out-of-state agent is actively and personally involved in the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; *i.e.*, whether she purposely availed herself of the forum and the reasonably foreseeable consequences of that availment.

Balance Dynamics Corp. v. Schmitt Industries, Inc., 204 F.3d 683, 696-697 (6th Cir. 2000) (citations omitted).

Here, Anderson Motor Sports entered into a contract to furnish goods in Tennessee and sought redress from a Tennessee regulatory agency and organization. Yet, the individual Defendants allegedly authorized defamatory communications that were published in several venues in Tennessee, one of which specifically targeted Murfreesboro, Tennessee. These communications resulted in injuries to Tennessee companies and Tennessee citizens. Considering the verified pleadings in a light most favorable to the Plaintiffs, the Court concludes that the Plaintiffs presented sufficient facts to justify the Court's exercise of specific jurisdiction over the individual Defendants under Tennessee's long-arm statute.

For these reasons, the Court concludes that the Defendants' motion to dismiss (Docket Entry No. 11) for lack of personal jurisdiction should be denied.

An appropriate Order is filed herewith.

**ENTERED** on this the 31st day of January, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge